UNITED STATES DISTRICT COURT      EASTERN DISTRICT OF TEXAS

JACOB TOLBERT, #19685-078            §
                                     §
*versus*                             §   CIVIL ACTION NO. 4:14CV199
                                     §   CRIMINAL ACTION NO. 4:12CR39
UNITED STATES OF AMERICA             §

**ORDER OF DISMISSAL**

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson. The Magistrate Judge issued a Report and Recommendation concluding that the motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 should be denied and dismissed with prejudice. Movant filed objections.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Movant to the Report, the Court concludes the findings and conclusions of the Magistrate Judge are correct and the objections of Movant are without merit.

In his objections, Movant simply reurges issues raised in his petition, and asserts that a certificate of appealability is warranted in this case. Movant cites to a recent Supreme Court case in support of his ineffective assistance of counsel claim concerning his guilty plea, *Lee v. United States*, 137 S. Ct. 1958 (2017). In *Lee*, the evidence showed that the petitioner would not have pleaded guilty had he known it would lead to deportation. The Supreme Court held that the prejudice caused by petitioner's counsel's deficient performance was "backed by substantial and uncontroverted evidence," and that "but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 1969. Both the petitioner and his plea counsel testified that deportation was the determinative issue in the guilty plea. The *Lee* case,

however, is not analogous to the instant case. Other than his own self-serving claims, Movant fails to present evidence, much less, "substantial and uncontroverted evidence" showing that, but for any alleged errors by counsel, he would have proceeded to trial rather than plead guilty. "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Id*. at 1967.

It is accordingly **ORDERED** Movant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1) pursuant to 28 U.S.C. § 2255 is **DENIED** and **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions by either party not previously ruled upon are **DENIED**.

SIGNED at Beaumont, Texas, this 29th day of September, 2017.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE